The Honorable Jim Bob Steel Prosecuting Attorney P.O. Box 548 Nashville, AR 71852
Dear Mr. Steel:
This is in response to your request for an opinion concerning county free libraries and the power of the quorum court over such libraries. You state that it is your understanding that the money received for the county free libraries in Little River County comes through a millage designated for the libraries. Your specific questions are as follows:
 1. Does the Quorum Court have to appropriate funds to the county free library even though they are raised from a separate tax designated for the county libraries, and if so, can they restrict the amount of money the county libraries receive?
 2. Can the Quorum Court designate how the monies should be spend by the county libraries or is that in the exclusive control of the appointed county library board?
 3. If the Quorum Court has no control over the funds going to the county libraries nor any way to restrict the funds, what course of action does the Quorum Court have, if any, to correct what they feel is an injustice performed by the board? You note that these questions were initially prompted by an appropriation submitted by the Library Board which set the salary of one librarian higher than the other two.
It is my opinion, in response to the first part of your first question, that the segregated tax proceeds which are in the custody of the County Treasurer to be used for the maintenance of the county libraries (Arkansas Constitution Amendment 38, § 2) must be appropriated, in accordance with Article 16, Section 12 of the Arkansas Constitution and A.C.A. § 14-14-1102
(b)(2)(C).[1]
With regard to whether or not the Quorum Court can "restrict the amount of money the county libraries receive", it must be initially noted that the proceeds of any tax levied for the maintenance of the county libraries can only be used for that purpose. See Arkansas Constitution, Amendment 38, § 2. It is thus clear that the Quorum Court cannot appropriate the funds for any other purpose.
Whether or not the funds have indeed been restricted, however, and whether the restriction is unlawful, involve questions of fact in each instance. The issue should be reviewed under a separation of powers analysis. While the tax proceeds must be appropriated, it does not follow that the Quorum Court retains the right to administer a previously approved appropriation. The County Library Board has the authority to administer the law pertaining to county free libraries and to expend the appropriations. A restriction which infringes upon the Board's power to manage and control the libraries would, in my opinion, be subject to challenge.
Your second question also invokes a separation of powers review. The Library Board's clear authority under Amendment 38 to approve claims against the tax fund does not necessarily mandate the Board's exclusive control of the funds.[2] These funds, unlike those received by gift, bequest, devise or donation, are held by the County Treasurer. We cannot conclude that the Treasurer and other county officials have no fiscal authority with respect to these funds by virtue of the Library Board's power to approve claims. It is significant to note in this regard that rather than creating the Library Board, Amendment 38 contemplates the possibility that there is no such Board. See n. 2, supra. This fact belies the assertion that the Board, if there is one, has exclusive control of the funds.
Again, however, this is not to say that the Quorum Court can designate how the monies should be spent, if that designation reflects an attempt to administer the appropriation. The following language from a Colorado case which was quoted by the Arkansas Supreme Court in Chaffin v. Arkansas Game and FishCommission, 296 Ark. 431, 757 S.W.2d 950 (1988), is illustrative:
 [T]he legislature may not attach conditions to a general appropriation bill which purport to reserve to the legislature powers of close supervision that are essentially executive in character.
Anderson v. Lamm, 195 Colo. 437, 579 P.2d 620 (1978).
I have enclosed a copy of Attorney General Opinion Number 89-206 which addresses the quorum court's authority in connection with an executive officer's budget. It was noted therein, for instance, that line item appropriations become constitutionally impermissible when the administrative authority of a constitutional body is infringed by legislative control over expenditures. Att'y Gen. Op. 89-206, quoting Chaffin, supra. In my opinion, this analysis would apply with respect to a County Library Board, which is recognized and vested with authority under Arkansas Constitution, Amendment 38.
The clearest area of infringement would involve a Quorum Court's attempt to prevent a Library Board's use of surplus funds for matching federal or other funds available for financing expansions or improvements of the library. See A.C.A. § 13-2-405. While this might not rise to the level of a constitutional infringement, the General Assembly has clearly vested the Board with authority in this regard. An appropriation which limited this authority by designating other uses of surplus funds where matching funds were available, would be contrary to law.
While your question involves a factual review in each instance, precluding a conclusive response, the foregoing will hopefully offer general guidance in addressing this issue.
Regarding the librarians' salaries, we cannot conclusively state that the Quorum Court has no authority. The Quorum Court's refusal to accept the salaries as submitted by the Library Board may, however, unconstitutionally infringe upon the Board's authority, depending upon the surrounding facts. If the discrepancy is attributable to differing operational needs of the libraries, it is my opinion that the decision would fall within the Board's administrative authority.
A response to your third question is unnecessary, in light of the conclusion above that the tax proceeds must be appropriated. We would note, however, that with respect to those claims which are not approved by the Library Board, there appears to be no procedure in place for action by the Quorum Court. Thus, notwithstanding the fact that funds may be appropriated to pay the claim, resorting to the courts may the only course available to the claimant. It appears that the claim cannot be paid in the absence of the Board's approval.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
Winston Bryant Attorney General
Enclosure
cc: The Honorable Tom Cooper Deputy Prosecuting Attorney
[1] Funds received by the county free library by gift, bequest, devise, or donation remain in the custody of the county library board. A.C.A. § 13-2-404 (b). There appears to be no appropriation requirement in connection with these funds, which must be used by the board "for the establishment, maintenance, and operation of the county library." Id.
[2] Section 2 of Amendment 38 to the Arkansas Constitution states: "No claim against said funds shall be approved by the County Court unless first approved by the County Library Board, if there is a County Library Board functioning under Act 244 of 1927 [§§ 17-1001-17-1011] [now A.C.A. § 13-2-401, -402, -404], or similar legislation."